was imposed upon the employee, in the absence of a separate system of inspection by the master, on which the employee has a right to rely and does rely.

7. MASTER AND SERVANT, § 307—*when duty of telephone lineman to make inspection.* In an action by a servant against a master to recover for personal injuries due to a fall from a telephone pole as the result of the breaking of an alleged defective brace supporting a cross-arm on said pole, where plaintiff was an experienced lineman accustomed to working on such poles, evidence *held* to show that the duty of inspection was imposed on plaintiff, and not on defendant.

## George F. Harding, Jr., Appellant, v. Christopher Bray, Appellee.

### Gen. No. 20,976.  (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. M. L. McKINLEY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Reversed and remanded. Opinion filed December 21, 1915.

### Statement of the Case.

Bill by George F. Harding, Jr., complainant, against Christopher Bray, defendant, in the Superior Court of Cook county. From the order dismissing the bill, complainant appeals.

The bill alleged, in substance, that on and prior to December 1, 1902, complainant was and now is the owner in fee of certain vacant and unimproved premises (describing them) situate in Cook county, Illinois, and that during all of said period he has been and now is entitled to all the rents and income therefrom; that the defendant, wrongfully and fraudulently assuming to have the power so to do and without any rights in the same, has during all of the period subsequent to December 1, 1902, leased said premises, without the knowledge or consent of complainant, to various par-

ties unknown to complainant and for sums unknown to complainant, and has wrongfully collected and converted to his own use the various sums thus wrongfully obtained by him as rent for the same; that complainant has been unable, after diligent inquiry, to ascertain to whom the premises were so leased by the defendant or the amount which defendant has so wrongfully received and converted to his own use, but complainant believes and charges that defendant has received in the aggregate more than the sum of $1,900; that complainant believes and charges the fact to be that defendant from the sums so wrongfully obtained by him has purchased certain other premises (describing them) in said Cook county, which said other premises belong in equity to complainant, and the defendant has no other property subject to execution or attachment or garnishment, or out of which any decree entered herein in favor of complainant may be satisfied; and that complainant had no knowledge of said wrongful acts of the defendant prior to April 6, 1910, and that all rights of action of complainant against defendant have been wrongfully and fraudulently concealed from complainant by defendant. The bill prayed that the defendant might be required to answer the same (defendant's oath to the answer being waived); that defendant might be required to discover and set forth the various parties to whom said first mentioned premises were leased by defendant, the time which each of the parties occupied the same, the amounts received from said parties, and the dates of the various payments therefor; that said defendant might be enjoined from selling, incumbering or otherwise disposing of the premises so purchased by him; that a receiver thereof might be appointed, that an accounting might be taken in this behalf by and under the direction of the court, and that defendant might be decreed to pay complainant whatever sums might appear to be due complainant, etc.

To this bill the defendant on June 27, 1910, filed a general demurrer. On March 17, 1913, on motion of the solicitor for defendant, the court ordered that said demurrer be sustained and that leave be granted complainant "to amend his bill of complaint within ten days or stand by his bill of complaint." On February 28, 1914, both parties appearing, the court entered an order to the effect that, the court having previously sustained defendant's general demurrer to said bill, and complainant now electing to stand by his said bill as against said demurrer, "it is ordered that said bill of complaint be and the same is hereby dismissed at complainant's costs."

WILLIAM J. AMMEN, for appellant.

No appearance for appellee.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

### Abstract of the Decision.

ACCOUNT, § 26*—*when dismissal of bill erroneous.* On general demurrer to a bill praying an accounting, and other relief, averments *held* sufficient to require defendant to answer, for which reason a decree sustaining the demurrer and dismissing the bill was erroneous

---

## The People of the State of Illinois, Complainant, v. Isaac C. Ogden et al., Defendants.

## Hiram Coombs (Petitioner), Appellee, v. City of Chicago (Defendant), Appellant.

### Gen. No. 20,984.

1. TAXATION, § 662*—*when city holding invalid tax title not entitled to reimbursement out of surplus from tax sale.* In a peti-